**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**T. WESTON, INC.,**

    **Plaintiff,**

v.                                                   **Civil Action No. 2:04 CV 56**
                                                                                  **(Maxwell)**

**MINERAL COUNTY, WEST VIRGINIA**
**AND COUNTY COMMISSION OF**
**MINERAL COUNTY, WEST VIRGINIA, ET AL.,**

    **Defendants.**

## ORDER

By Order entered on January 5, 2005, the Court referred the above-styled matter to Magistrate Judge John S. Kaull for hearing on the Motion for Preliminary Injunction and for further pretrial development. On January 27, 2005, Magistrate Judge Kaull held a hearing on Plaintiff's Motion for Preliminary Injunction. Thereafter, on September 6, 2005, Magistrate Judge Kaull filed with the Court his Report and Recommendation recommending that Defendants be temporarily enjoined from enforcing certain provisions of an ordinance and further recommending that the Court certify a question to the West Virginia Supreme Court. Magistrate Judge Kaull's Report and Recommendation further directed the parties, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the Report and Recommendation. No objections to the Magistrate Judge's Report and Recommendation have been filed.

The Court has reviewed the record before it and has conducted a *de novo* review of all matters before Magistrate Judge John S. Kaull in considering Plaintiff's Motion for

Preliminary Injunction. Based upon its review, it appears to the Court that Magistrate Judge Kaull's Report And Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled civil action. Accordingly, it is

**ORDERED** that Magistrate Judge Kaull's Report and Recommendation be, and the same hereby is, accepted in whole and that the findings of fact and conclusions of law set forth therein are adopted and incorporated as though fully set forth in this Order.

As more fully stated in Magistrate Judge Kaull's Report and Recommendation, the Court makes the following findings:

1) There is strong likelihood of irreparable harm to Plaintiff unless a temporary injunction is granted;

2) there is virtually no harm to Defendant if the temporary injunction, as proposed, is granted;

3) if the underlying basis for the ordinance is some alleged disruption secondary to 18 to 20 year olds viewing exotic entertainment, such disruption, insofar as it may be criminal in nature, is controlled and punishable by state statutes specific to ceratin conduct (e.g., DUI; underage drinking; assault; sexual assault; etc.);

4) there is a strong likelihood that Plaintiff will prevail in this action; and

5) the public has a strong interest in protection of its First Amendment rights that is paramount to the Mineral County's yet to be specified interests in limiting or precluding a subclass of the adult public from enjoyment of those rights.

Based on the aforementioned findings, it is hereby

**ORDERED** that Defendant(s) be temporarily enjoined from enforcing the following sections of the Mineral County Ordinance Regulating the Location of Businesses Offering Exotic Entertainment enacted November 2, 2002: Section 5(A)(6) insofar and insofar only as the refusal to issue a permit is based on an alleged violation of Section 8(F) or Section 14(A), (B) or (C); Section 8(F); and Section 14(A), (B) and (C). It is further

**ORDERED** that Defendant(s) be prohibited from denying Plaintiff a location permit for the operation of its business at the same location as it was operating on May 7, 2004.

The Court further finds, after careful review of the Magistrate's Report and Recommendation, that the following question should be certified to the West Virginia Supreme Court, as recommended by the Magistrate Judge: "Is a county commission which has created a planning commission pursuant to Chapter 8, Article 24 of the West Virginia Code, precluded from adopting a county ordinance limiting the areas of the county in which a business may offer exotic entertainment pursuant to Chapter 7, Article 1, Section 3jj(b) of the Code?" Said certification of question shall be addressed by separate order.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record.

**ENTER:** September 30th, 2005

                                                    **/s/ Robert E. Maxwell**
                                                    United States District Judge