IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

T. Weston, Inc.
DBA Ridgeley Saloon,
    Plaintiff,

v.    Case No. 2:04CV56

Mineral County, West Virginia
and County Commission of
Mineral County, West Virginia, et al.,
    Defendants.

FILED
SEP 2 7 2007
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

## OPINION/REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT

On July 12, 2007, the plaintiff, T. Weston, Inc., d/b/a Ridgeley Saloon (Plaintiff), filed a motion seeking leave to file a second amended complaint in order to:

(1) replace references to Defendants John Doe 1 and John Doe 2 with the actual names of these defendants, obtained during discovery;

(2) amend a clerical error by which a page of the Amended Complaint was not properly transmitted into the Court CM/ECF System; and

(3) amend the prayer for compensatory damages from $1,000,000 to $3,500.000.00 to bring the demand into line with the expert report regarding damages the Plaintiff has secured and provided to the defendants.

[Docket Entries 40 and 41]. A review of the docket in this matter indicates that Defendants Mineral County, West Virginia, and County Commission of Mineral County, West Virginia, et al., ("Defendants") have not filed any response to Plaintiff's motion to amend.

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . ." Fed. R. Civ. P. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962)

(stating "this mandate is to be heeded"); Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

"This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities. Labor v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006), citing Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."); Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999)("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading.").

The Fourth Circuit has adopted the following three-part test for use in exercising discretion provided under FRCivP 15(a) to deny leave to amend:

1)   "when the amendment would be prejudicial to the opposing party"; or

2)   when "there has been bad faith on the part of the moving party"; or

3)   when "the amendment would have been futile."

Labor, supra at 426 citing Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) and Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Prejudice is determined by the nature of the amendment and its timing. In Foman, the Supreme Court held a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." Id.

In Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), the Court of Appeals held "[b]ecause defendant was from the outset made fully aware of the events giving rise to the action,

an allowance of the amendment could not in any way prejudice the preparation of defendant's case."

The Fourth Circuit further explained that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be "freely given." *Id.*

The Court of Appeals determined that the District Court had not found prejudice to the Defendant by the dilatory motion to amend. While the District Court did find that the motion was dilatory (delayed) within one of the prongs of Foman, the Fourth Circuit held:

> Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial. See generally 6 Wright and Miller, Federal Practice & Procedure: Civil s 1488, at 438. We do not think the delay here suffices. In any event, considering the pace already set by the defendant's delay of some five months in filing answer to the original complaint and the necessity for plaintiff's qualification in North Carolina before amendment could be sought, the delay seems not undue aside from prejudice.
>
> While Foman's enumeration of factors cannot be thought exclusive, they do embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants. *Id.*

In the instant case, the Court finds no prejudice to Defendant from the proposed amendments. There is not even a trial date set in this matter as of this time. Defendants were most likely aware of the names of the two John Doe's even before Plaintiff was. Nor does the Court find any evidence that Plaintiff acted in bad faith through delaying the amendment. Instead, it appears that Plaintiff filed the proposed amended complaint after discovery showed the true names of the two John Doe's and an allegedly more accurate claim of damages. The undersigned also does not find the amendment futile. In fact, it appears to simply correct errors or omissions in the original and

amended complaint.

Nor is the fact that the motion to amend is filed outside the scheduling order dispositive. Leave to file an amended complaint outside of the scheduling order was addressed by the Fourth Circuit in Wall v. Fruehauf Trailer Services, Incorporated, 123 Fed. Appx 572 (unpublished) (2005). While not dispositive or binding, it is considered by the undersigned as instructive. Wall filed a state court action claiming Fruehauf had improperly docked his commissions in violation of the South Carolina Payment of Post-Termination Claims to Sales Representatives Act (Act). Fruehauf removed the case to federal court. The Court issued a scheduling order. After discovery concluded under the scheduling order and long after the deadline for amending pleadings had expired, Wall sought leave to amend his complaint a second time and to replace his claim with a cause of action alleging a violation of the South Carolina Payment of Wages Act. The Court granted the motion, reopened discovery and ordered Wall to pay all of Fruehauf's discovery costs associated with investigating the amended claim. A year after the amendment, the case went to trial resulting in a jury verdict in favor of Wall which was later subjected by the Court to treble damages, attorneys fees and costs.

Defendant, Fruehauf, appealed contending the District Court erred and prejudiced Defendant in permitting Wall to file a second amended complaint after the close of discovery and after Wall admitted that he could not prove the elements of the claim in his amended complaint without establishing good cause in violation of FRCivP 16(b) and 15(a). Sitting by designation, District Judge Titus, wrote:

> This Court has noted that scheduling orders 'are not set in stone, but may be relaxed for good cause, extraordinary circumstances, or in the interest of justice.' *Barwick v. Celotex Corp.*, 736 F.2d 946, 954 (4th Cir. 1984). Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been served, a party may amend

its pleading 'only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.' Furthermore, leave to amend is a liberal standard and will not be denied unless the amendment will cause actual prejudice to the adverse party. See *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (holding that a change in the theory of recovery and one prior amendment is not sufficient to deny a motion to amend the complaint where no evidence of bad faith existed). Here, the District Court properly exercised its discretion in determining that good cause existed to permit Wall to amend his complaint, pursuant to Federal Rules of Civil Procedure 16(b) and 15(a). Wall moved to file a Second Amended Complaint immediately after his counsel learned that a minor portion of his sales activities involved selling trailers to independent owners/operators, an activity that is not covered under S.C.Code Ann. § 39-65-10. Furthermore, Fruehauf did not suffer any prejudice as a result of the amendment. The trial court reopened discovery, permitting Fruehauf to depose Wall a second time, and ordered Wall to pay all of Fruehauf's associated discovery costs. Moreover, the amendment did not substantively change the claim, only the statute under which the claim proceeded. Both before and after the amendment, the suit was a claim for the same unpaid commissions.

Finding no opposition to the motion to amend, and for the reasons stated above, the Court respectfully **RECOMMENDS** Plaintiff's Motion to file a Second Amended Complaint [Docket Entry 40] be **GRANTED**.

### Recommendation

For the reasons stated herein, it is **RECOMMENDED** that the District Court **GRANT** Plaintiff's Motion to File a Second Amended Complaint [Docket Entry 40].

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The District Clerk for the United States District Court for the Northern District of West Virginia is directed to provide a copy of this order to all counsel of record.

DATED: September 25 2007

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE