**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION**

| | |
|---|---|
| **T. WESTON, INC.,** ) | **Case Number: 2004-CV-56** |
| ) | |
| Plaintiff, ) | **JUDGE ROBERT MAXWELL** |
| ) | **MAGISTRATE JUDGE JOHN S. KAULL** |
| – vs – ) | |
| ) | |
| **MINERAL COUNTY, WEST** ) | |
| **VIRGINIA  et al.,** ) | **PLAINTIFF'S   MEMORANDUM   IN** |
| ) | **OPPOSITION TO DEFENDANTS' MOTION** |
| Defendants. ) | **FOR SUMMARY JUDGMENT** |

Defendants have filed a Motion for Summary Judgment months past the deadline for dispositive motions and without obtaining leave of court to do so[1]. For this reason alone, Defendants' Motion for Summary Judgment should be denied. Plaintiff, nonetheless, submits this Memorandum in Opposition to Defendants' Motion for Summary Judgment addressing the legal arguments advanced in the Memorandum filed in support of Defendants' Motion.

Defendants have moved for summary judgment based on a variety of immunities they claim excuse them from all liability for Plaintiff's claims and entitle them to a grant of summary judgment in their favor. In the face of clear and well-established Supreme Court and Fourth Circuit precedent to the contrary, Defendants have asserted that they are immune from judgment for any liability under 42 U.S.C. § 1983. Defendants' motion, based on a host of fundamental misunderstandings and misstatements of law, teeters on the brink of frivolousness.

Defendants have also asserted immunity for liability on Plaintiff's state law claims. They are not entitled to summary judgment in their favor on this ground either.

---

[1] Defendants filed a Motion for a Modification of the Dispositive Motion Deadline and for an Extension to Respond to Plaintiff's Motion for Summary Judgment on November 20, 2007. No ruling has yet been made on Defendants' Motion.

For the reasons set forth below, Defendants' Motion for Summary Judgment should be denied.

## STATEMENT OF THE CASE

In assessing Defendants' Motion for Summary Judgment, particular attention must be paid to the actual claims pleaded and the particular Defendants named in Plaintiff's Complaint. Plaintiff's Second Amended Complaint seeks relief against the Defendant County, the County Commission and Defendant Lynn Nelson, the prosecuting attorney of Mineral County, in his official capacity only. ¶¶ 2, 3 *Second Amended Complaint*.[2] Those are the only defendants in this action.

Count I of Plaintiff's Second Amended Complaint seeks injunctive relief against the Defendants for deprivation of its right to free speech and property interest without due process of law. ¶¶, 24-26, *Second Amended Complaint*. Count II seeks a declaration that the Mineral County Ordinance Regulating the Location of Businesses Offering Exotic Entertainment is unconstitutional under the First and Fourteenth Amendments to the United States Constitution. ¶¶, 27-29, *Second Amended Complaint*. Count III seeks injunctive relief against enforcement of the Mineral County Ordinance at issue. ¶¶, 30-32, *Second Amended Complaint*. Count IV seeks recovery of compensatory damages against Mineral County for injuries caused by the deprivation of Plaintiff's constitutional rights. ¶¶, 33-35, *Second Amended Complaint*. Counts V and VI seek injunctive and declaratory relief and damages on state law grounds. ¶¶, 36-42, *Second Amended Complaint*.

Plaintiff seeks relief only from the local governmental entity and seeks no relief from any Defendant in an individual capacity. As Plaintiff will explain below, the lengthy discussion

---

[2] On October 31, 2007, this Court granted Plaintiff's Motion for Leave to Withdraw, Instanter, Motion for Leave to File a Second Amended Complaint filed on July 12, 2007 and granted leave to file a Second Amended Complaint that was acceptable to all parties. Plaintiff filed its Second Amended Complaint on November 2, 2007.

contained in the Memorandum in Support of Defendants' Motion for Summary Judgment of absolute, legislative, prosecutorial and qualified immunities therefore has absolutely no application to or effect on Plaintiff's claims.

## ARGUMENT

## I.   MINERAL COUNTY IS LIABLE FOR VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983.[3]

Nearly thirty years ago, the Supreme Court determined that 42 U.S.C. § 1983 conferred upon a citizen the right to seek relief for infringement of his constitutional rights under color of law and permitted him to sue local governmental bodies "for monetary, declaratory or injunctive relief where...the action that is alleged to be unconstitutional implements or executes ...[an] ordinance...adopted and promulgated by that body's officers." *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). The Court in *Monell* explicitly overruled *Monroe v. Pape*, 365 U.S. 167 (1961) "insofar as it [held] that local governments are immune from suit under § 1983" and determined that municipalities and other local governmental units were indeed liable for constitutional violations resulting from the implementation or execution of an ordinance adopted by and promulgated by them or implemented by an agent in his official capacity under § 1983. *Id.* at 663, 690.

Mineral County–which is considered a municipal entity for § 1983 purposes, *Rankin v. Berkeley County Sheriff's Dept.*, 222 F. Supp. 2d 802, 806 (N.D. W. Va. 2002) *citing Revene v. Charles County Commissioners*, 882 F.2d 870, 874 (4th Cir. 1989)– is liable under § 1983 for

---

[3]   Plaintiff seeks monetary, declaratory and injunctive relief against Mineral County and declaratory and injunctive relief from Mineral County's Prosecuting Attorney in his capacity as the official "charged with the duty of enforcing county laws and regulations on the County's behalf." ¶ 3, *Second Amended Complaint*.

constitutional violations resulting from the implementation and execution of an ordinance, like that at issue here, adopted and promulgated by its Commission. *See also, Curry v. Weiford,* 389 F. Supp. 2d 704, 714 (N.D. W.Va. 2005) (Maxwell, J.) (County Commission may be liable for monetary, declaratory and injunctive relief under § 1983 if execution of policy or custom was the moving force for the violation of constitutional rights); *Jenkins v. Bedell,* 2007 WL 1575962 (N.D. W. Va. 2007).

Defendants are not immune from liability under 42 U.S.C. § 1983 and are not entitled to summary judgment on this ground.

## II.   MINERAL COUNTY IS NOT ENTITLED TO QUALIFIED IMMUNITY FOR CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983.

Two years after *Monell,* the Supreme Court in *Owen v. City of Independence,* 445 U.S. 622 (1980), made clear that municipalities were not entitled to assert a defense of qualified immunity to avoid liability for unconstitutional actions. The Court wrote:

[N]either history nor policy supports a construction of § 1983 that would justify the qualified immunity accorded the City of Independence by the Court of Appeals. We hold, therefore, that the municipality may not assert the good faith of its officers or agents as a defense to liability under § 1983.

*Id.* at 638.

Indeed, the Fourth Circuit Court of Appeals in *International Ground Transportation v. Mayor and City Council of Ocean City, Md.,* 475 F.3d 214, 219 (4th Cir. 2007) recently explained that "[w]hile individual defendants are protected by qualified immunity, municipalities are not." *citing Owen v. City of Independence,* 445 U.S. 622 (1980). The court continued: "[B]ecause municipalities are not entitled to assert a qualified immunity defense, a finding of a constitutional violation is conclusive as to their liability." *Id.*

Defendants' claim to the contrary, *Memorandum in Support,* pp. 13-15, is squarely at odds with this well-established constitutional precedent; their Motion for Summary Judgment must be

4

denied on this ground as well.

## III. MINERAL COUNTY'S ENACTMENT OF THE UNCONSTITUTIONAL ORDINANCE AT ISSUE IS NOT PROTECTED BY LEGISLATIVE IMMUNITY.

As for Defendants' claim that they are entitled to legislative immunity for enacting an unconstitutional ordinance, *Memorandum in Support,* pp. 12-13, the Fourth Circuit Court of Appeals, *en banc,* rejected that theory more than ten years ago in *Berkley v. Common Council of the City of Charleston,* 63 F. 3d 295 (4th Cir. 1995)(*en banc*). The court in *Berkley* wrote:

> In the face of...clear and broad pronouncements by the Supreme Court, we have little trouble concluding that a municipality is not immune from section 1983 liability for unconstitutional enactments and other legislative activities of the local legislature.

*Id.* at 296. The court went on to explain that the "tradition and policy justifications supporting legislative immunity for *individual legislators*" did not support the grant of legislative immunity to a governmental entity. *Id.* at 300 (Emphasis added). Specifically, the court wrote: "[T]he Supreme Court has instructed that the defenses available to an official in *a personal capacity action* simply 'are unavailable' in a suit against a governmental entity." *Id.* at 300-01. (Emphasis added) *citing, Kentucky v. Graham,* 473 U.S. 159, 167 (1994); *Owen v. City of Independence,* 445 U.S. 622 (1980).

Here, of course, Plaintiff has not sued the individual legislators nor any official in his personal capacity. *Contrast Bogan v. Scott-Harris,* 523 U.S. 44, 48 (1998) (Verdict against city on plaintiff's § 1983 claims set aside on other grounds; defendants appealed verdict rendered against them as local legislators in their individual capacities). Plaintiff seeks relief solely from the governmental entity, not from any of the individual County Commissioners. Thus, as *Berkley* directs, no immunity is conferred on these Defendants.

Defendants' motion must be denied on this ground also.

5

**IV.    PROSECUTORIAL IMMUNITY DOES NOT APPLY TO PLAINTIFF'S § 1983 CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF ASSERTED AGAINST THE MINERAL COUNTY PROSECUTOR IN HIS OFFICIAL CAPACITY.**

On May 6, 2004, Defendant Lynn Nelson wrote the Plaintiff advising it that its permit was revoked pursuant to § 14 of the Ordinance at issue because two 20-year olds had been admitted entrance to the premises and further advising Plaintiff that it was to "stop all exotic entertainment immediately" or risk facing criminal charges and injunction proceedings. *Ex. 6, attached to Plaintiff's Motion for Summary Judgment; Nelson* at 19. In response to Defendant Nelson's letter, Plaintiff stopped its presentation of adult entertainment.

Plaintiff named Defendant Nelson in his ***official capacity*** as the Prosecuting Attorney for Mineral County and sought relief from him in that capacity. ¶ 3, *Second Amended Complaint.*

Cases are legion in which a Plaintiff has named a prosecuting attorney in his or her official capacity in a challenge to the constitutionality of an ordinance or statute as the authority charged with the duty of enforcing the challenged law. *See, e.g., Reno v. American Civil Liberties Union*, 521 U.S. 844 (1997)(Attorney General named defendant in challenge to federal criminal statute); *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002)(same); *Connection Distr. Co. v. Keisler*, 505F.3d 545 (6th Cir. 2007) (same); *Stenberg v. Carhart*, 530 U.S. 914 (2000)(local prosecuting attorneys named defendants in challenge to Nebraska abortion statute); *Roe v. Wade*, 410 U.S. 113 (1973)(Dallas County, Texas attorney named defendant in challenge to Texas abortion statute); *Women's Medical Professional Corp. v. Voinovich*, 130 F.3d 187, 210-11 (6th Cir. 1997) (explaining "the prosecutor is necessary in terms of injunctive relief. If the District Court found the Act unconstitutional, ... the prosecutor would not have been bound by the injunction if he were not a party.")

Defendants' argument confuses the law applied to § 1983 claims seeking ***money damages***

6

from a prosecuting attorney in his *individual* capacity with that applied to claims for declaratory and injunctive relief against a prosecuting attorney in his *official capacity*.

The United States Supreme Court explained the distinction between suits brought against government officials in their individual capacities versus suits brought against them in their official capacities in *Brandon v. Holt*, 469 U.S. 464 (1985). In *Brandon*, the Supreme Court reversed a finding by the court of appeals that the Director of the Memphis Police Department was entitled to qualified immunity for claims arising out of an assault by an officer of his department with a history of violent behavior.

The Court determined that Plaintiff's claims had been asserted against the Director in his *official capacity* which was tantamount to an action against the governmental entity he represented and therefore, under *Owen*, qualified immunity simply did not apply. *Id.* at 473. The Court reiterated its observation in *Monell* that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 472, n. 21 *quoting Monell*, 436 U.S. at 658, 690 n. 55; *See also, Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

The court in *Turner v. Houma Municipal Fire and Police Civil Service Board*, 229 F.3d 478, 483 (5th Cir. 2000) explained:

> "Official-capacity suits ...' generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (quoting *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Accordingly, a § 1983 suit naming defendants only in their "official capacity" does not involve personal liability to the individual defendant. Concomitantly, defenses such as absolute quasi-judicial immunity, that only protect defendants in their individual capacities, are unavailable in official-capacity suits. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ("[T]he only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses.")

7

Prosecutorial immunity is not an available defense to Plaintiff's claims against Defendant Nelson in his official capacity.

*Imbler v. Pachtman*, 424 U.S. 409 (1976), the case on which Defendants ground their claim of prosecutorial immunity, held that a prosecutor in his *individual capacity* is protected by immunity against a claim for *damages* against him under § 1983. *Id.* at 431. Plaintiff has *not* pleaded a claim for damages against Defendant Nelson individually, but seeks only declaratory and injunctive relief against him in his official capacity as the Prosecuting Attorney of Mineral County, charged with the duty of enforcing its laws. *See, e.g., West Virginians for Life, Inc. v. Smith*, 919 F. Supp. 954 (S.D. W. Va. 1996)(issuing injunction against prosecuting attorney in his official capacity prohibiting enforcement of unconstitutional statute). A prosecuting attorney is entitled to no such immunity to actions against him in his official capacity.

Defendants' Motion for Summary Judgment must be denied on this ground also.

## V.  MINERAL COUNTY'S ENACTMENT OF AN UNCONSTITUTIONAL ORDINANCE GIVES RISE TO LIABILITY UNDER 42 U.S.C. § 1983.

In the course of arguing that Defendants are entitled to summary judgment on Plaintiff's claims under 42 U.S.C. § 1983, Defendants have asserted that Plaintiff has not "plead[ed] and prove[d] the existence of an official policy or custom fairly attributable to the municipality and that proximately caused the deprivation of [its] rights." *Memorandum in Support of Defendants' Motion for Summary Judgment*, pp. 10-11. Again, as with their other claims, Defendants are sorely mistaken.

The Supreme Court in *Monell* explained that local governing bodies can be sued for deprivation of constitutional rights under § 1983 occurring as the result of the implementation or execution of an ordinance officially adopted and promulgated by that body's officers. 436 U.S. at

8

690.    The cases finding actionable violations under § 1983 based on the enactment of unconstitutional ordinances are numerous. *See, e.g., City of Richmond v. J. A. Croson Co.*, 488 U.S. 469 (1989); *City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750 (1988); *City of Houston v. Hill,* 482 U.S. 451 (1987); *Barghout v. Bureau of Kosher Meat and Food Central,* 66 F.3d 1337 (4th Cir. 1995); *Berkley v. Common Council of the City of Charleston,* 63 F. 3d 295 (4th Cir. 1995)(*en banc).*

*Carter v. Morris,* 164 F. 3d 215 (4th Cir. 1999), the decision on which Defendants rest this argument, involved a claim under § 1983 for unlawful arrest, excessive force and unlawful search. And thus in keeping with *Monell,* the court wrote that the plaintiff, in order to impose liability on the municipality, was required to establish that the constitutional deprivations were caused as a result of an official policy or custom. *Id.* at 218. In explaining the ways in which a plaintiff could establish municipal liability, the court stated: "Municipal policy may be found in ***written ordinances*** and regulations." *Id.* (Emphasis added).

Defendants' argument fails in the face of the very authority they cite in its support.

Defendants' Motion for Summary Judgment must be denied for this reason as well.

## VI.    MINERAL COUNTY IS NOT IMMUNE ON PLAINTIFF'S STATE LAW CLAIMS FOR INJUNCTIVE OR DECLARATORY RELIEF.

Section 29-12A-4 (b)(1), West Va. Code expressly states:

[A] political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function: ***Provided, That this article shall not restrict the availability of mandamus, injunction, prohibition and other extraordinary remedies.***

(Emphasis added). The Governmental Tort Claims and Insurance Reform Act, codified in 29-12A-1

West Va. Code, *et seq.*, makes clear that its grant of immunity is limited to claims for damages and does not restrict the grant of injunctive or declaratory relief on Plaintiff's state law claims.

Thus, Defendants are not entitled to summary judgment in their favor on the ground that they are immune from relief from Plaintiff's state law claims seeking injunctive and declaratory relief. Their Motion for Summary Judgment must be denied on Plaintiff's state law claims as well.

## VII.   A GENUINE ISSUE OF MATERIAL FACT EXISTS THAT PRECLUDES GRANTING SUMMARY JUDGMENT IN DEFENDANTS' FAVOR ON PLAINTIFF'S CLAIM FOR DAMAGES UNDER STATE LAW.

In *Bender v. Glendenning*, 219 W. Va. 174 (2006), the West Virginia Supreme Court addressed the effect of a policy of insurance covering liability for damages on a political subdivision's claimed immunity under the Governmental Tort Claims and Insurance Reform Act. The court in its syllabus in *Bender* held:

> 4.  "If the terms of the applicable insurance coverage and contractual exceptions thereto acquired under W. Va. 29-12-5 *expressly* (emphasis in original) grant the State greater or lesser immunities or defenses than those found in the case law, the insurance contract should be applied according to its terms and the parties to any suit should have the benefit of the terms of the insurance contract." Syllabus point 5, *Parkulo v. West Virginia Board of Probation & Parole*, 199 W. Va. 161, 483 S.E.2d 507(1996).

> 5.  "An insurer wishing to avoid liability on a policy purporting to give general or comprehensive coverage must make exclusionary clauses conspicuous, plain and clear, placing them in such a fashion as to make obvious their relationship to other policy terms, and must bring such provisions to the attention of the insured." Syllabus point 10, *National Mutual Insurance Co. v. McMahon & Sons, Inc.,* 177 W. Va. 734, 356 S. E. 2d 488 (1987), *abrogated on other grounds by Potesta v. United States Fidelity & Guaranty Co.,* 202 W. Va. 308, 504 S. E. 2d 135 (1998).

The court began its examination of the issue with § 29-12A-9 (a), W. Va. Code which provides:

> If a policy or contract of liability insurance covering a political subdivision or its employees is applicable, the terms of the policy govern the rights and obligations of the political subdivision and the insurer with respect to the investigation, settlement, payment and defense of suits against the political subdivision, or its employees, covered by the policy.

The court determined, that notwithstanding the various limitations of liability provided in the Governmental Tort Claims and Insurance Reform Act, those immunities and limitations could be waived by the terms of insurance coverage provided to a political subdivision.  632 S.E.2d at 335. To preserve those immunities and limitations conferred by statute, the court held, the policy of insurance must do so explicitly and in appropriate language.  632 S.E.2d at 336.  Because the insurance policy before it in *Bender* did not "contain any such limiting language or exclusions," the court determined that the insurer had not preserved the statutory immunities afforded to the County Board of Education Defendants. *Id.*

Rule 26 (a)(1)(D) of the Federal Rules of Civil Procedure requires a party to provide to the other parties any insurance agreement that may satisfy part or all of a judgment in its required initial discovery disclosures.  In *Defendants' Initial Discovery Disclosures*, Defendants made the following representation:

**D. Insurance Agreements**

A certificate of liability insurance describing insurance coverage applicable to the Defendants herein for the claims alleged herein and a certified copy of the insurance policy have been requested and will be supplied upon receipt.

(As permitted by *Local Rule of Civil Procedure* 5.01, a copy of *Defendants' Initial Discovery Disclosures* is attached). When after inquiry, no insurance agreement was forthcoming, Plaintiff propounded an Interrogatory requesting Defendants to:

Identify any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment or settlement which may be entered in the captioned action, or to indemnify or reimburse for payments made to satisfy the judgment, or to provide a defense in connection with the captioned matter to the Defendant Mineral County, West Virginia, or to any officer, director, employee or agent thereof.

Interrogatory No. 1, *Plaintiff's Consolidated Discovery Requests Served Upon Defendant Mineral*

County. (As permitted by *Local Rule of Civil Procedure* 5.01, a copy of *Plaintiff's Consolidated Discovery Requests* is attached). Moreover, Plaintiff propounded a Request for Production that sought:

> Any policy of insurance identified in response to Interrogatory Number 1 above, including any riders, endorsements, supplements, additions, schedules, declarations or other documents of any sort which in any way amend, alter, condition or modify the terms thereof.

Request No. 1, *Plaintiff's Consolidated Discovery Requests Served Upon Defendant Mineral County.*

Despite requests for compliance with Plaintiff's discovery requests, Defendants have yet to produce the certificate of insurance promised to be produced more than one year ago.

Without establishing that the terms of the applicable insurance policy expressly preserve the immunities conferred upon them, Defendants have failed to demonstrate that there is no issue of material fact and that they are entitled to judgment as a matter of law. Plaintiff as the party against whom the motion is made is entitled to have the facts viewed and reasonable inferences drawn in its favor. *Taz Hardwoods Company v. Westchester Fire Insurance Co.,* 2007 WL 709322 (N. D. W. Va. 2007).

Defendants' Motion for Summary Judgment must also be denied on this ground.

12

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion for Summary Judgment be denied.

Respectfully submitted,

/s/ Harry S. Smith, III
STEPHEN G. JORY (1937)
jory@jorysmith.com
HARRY A. SMITH, III (3466)
smith@jorysmith.com
JORY & SMITH, L.C.
One Randolph Avenue
P. O. Box 1909
Elkins, West Virginia 26241
(304) 636-3553 / (304) 363-3607 - Facsimile

J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
RAYMOND VASVARI (0055538)
rvasvari@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio 44113-1949
(216) 781-5245 / (216) 781-8207 - Facsimile

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The foregoing Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary

Judgment was filed electronically on December 17, 2007. Notice of this filing will be sent to all

parties by operation of the Court's electronic filing system. Parties may access this filing through

the Court's system.

> /s/ Harry A. Smith
> STEPHEN G. JORY (1937)
> HARRY A. SMITH, III (3466)
> JORY & SMITH, L.C.
>
> J. MICHAEL MURRAY (0019626)
> LORRAINE BAUMGARDNER (0019642)
> RAYMOND VASVARI (0055538)
> BERKMAN, GORDON, MURRAY & DeVAN
>
> Attorneys for Plaintiff

14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

T. Weston, Inc.
DBA Ridgeley Saloon

       Plaintiff,

v.                          Case No. 2:04CV56
                                 Judge Robert E. Maxwell

Mineral County, West Virginia
et. al.,

       Defendants.

## INITIAL DISCOVERY DISCLOSURES OF DEFENDANTS

Now come the defendants, Mineral County, West Virginia, Mineral County Commission, Lynn A. Nelson, Gary White, and C.E. Leatherman, by the undersigned counsel, and make the following initial discovery disclosures required under Fed. R. Civ. P. 26 (a)(1).

**A.**    **Individuals Likely to Have Discoverable Information Relevant to**

**Claims and Defenses:**

    1.    Cynthia L. Pyles, Commissioner
        Mineral County Commission
        150 Armstrong Street
        Keyser, WV 26726

    2.    Jack Bowers, Commissioner
        Mineral County Commission
        150 Armstrong Street
        Keyser, WV 26726

    3.    Janice LaRue, Commissioner
        Mineral County Commission
        150 Armstrong Street
        Keyser, WV 26726

    4.    Gary White

A certificate of liability insurance describing insurance coverage applicable to the

Defendants herein for the claims alleged herein and a certified copy of the insurance

policy have been requested and will be supplied upon receipt.

> DEFENDANTS, MINERAL COUNTY,
> WEST VIRGINIA, MINERAL COUNTY
> COMMISSION, LYNN A. NELSON,
> GARY WHITE, and C.E. LEATHERMAN,
> By Counsel,


J. Robert Russell
W Va State Bar Id. No. 7788
PULLIN FOWLER & FLANAGAN, PLLC
2414 Cranberry Square
Morgantown, WV 26508
Tel.:   (304) 225-2200
Fax:    (304) 225-2214
Email: rrussell@pffwv.com
**Counsel for Defendants Mineral County,**
**West Virginia, Mineral County Commission,**
**Lynn A. Nelson, Gary White, and**
**C.E. Leatherman**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

|  |  |  |
|---|---|---|
| T. Weston, Inc., | ) | Civil Action No. 2:04-CV-56 |
| | ) | |
| Plaintiff, | ) | Judge Robert E. Maxwell |
| | ) | |
| – vs – | ) | |
| | ) | |
| Mineral County, West Virginia, and | ) | Plaintiff's Consolidated Discovery |
| Mineral County Commission of | ) | Requests Served Upon Defendant |
| Mineral County West Virginia, et al., | ) | Mineral County Commission of |
| | ) | Mineral County, West Virginia |
| Defendants. | ) | |
| | ) | |

## – INTERROGATORY –

Now come the Plaintiffs, by and through their attorneys, and pursuant to Fed. R. Civ. P. 33, hereby propound upon the Defendant Mineral County Commission of Mineral County, West Virginia, the following interrogatory to be answered under oath. The Defendant must provide a full answer in writing under oath to this interrogatory within thirty (30) days after service of this interrogatory.

## – INSTRUCTIONS –

This interrogatory shall be deemed to be continuing and to require the prompt filing of supplemental or amended answers in the event that any additional or different information in any way related to the interrogatory becomes available subsequent to the date of the original answers.

Prior to answering the following interrogatory, you are requested to make due and diligent search of your books, records, and papers, and due and diligent inquiry of your agents and employees with a view to eliciting all information available in this action.

Berkman, Gordon,
Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245



This interrogatory is to be construed as asking for the source of any information provided in your answer thereto, including the identification of each person from whom you obtained any information provided in your answer and a description of any documents, tangible or intangible, relied upon in making your answer.

Where facts are set forth and the answers or portions thereof are supplied upon information and belief rather than personal knowledge, you should so state and identify specifically the source or sources of the information and belief. Should you be unable, after a reasonable and thorough investigation, to answer this interrogatory or any portion of this interrogatory, either by actual knowledge or upon information and belief, you should so state and detail your efforts to obtain such knowledge as would enable you to answer such interrogatory. In addition, specify what knowledge you do have concerning the unanswered portion of the interrogatory and set forth the facts upon which such knowledge is based.

Should additional space be necessary to completely respond to this interrogatory, please continue your answer on a separate sheet of paper.

If you claim any form of privilege, based on a statute or otherwise, as a ground for not answering this interrogatory or any portion thereof, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid. All grounds for an objection to this interrogatory shall be stated with specificity. No answer is to be left blank.

– DEFINITIONS –

The definitions set forth in Local Rule 26.02(c) of the Local Civil Rules for the Northern District of West Virginia are hereby incorporated by reference.

Berkman, Gordon,
Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245

-2-



**INTERROGATORY NO. 1**

Identify any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment or settlement which may be entered in the captioned action, or to indemnify or reimburse for payments made to satisfy the judgment, or to provide a defense in connection with the captioned matter to the Defendant Mineral County Commission of Mineral County, West Virginia, or to any officer, director, employee or agent thereof.

**ANSWER:**

## – REQUEST FOR PRODUCTION –

Plaintiff, by and through its attorneys, and pursuant to FED.R.CIV.P. 34, hereby directs that the following original documents, records and things be made available by Defendant Mineral County Commission of Mineral County, West Virginia, which Defendant shall serve a written response to Plaintiff's request within 30 days after this service, which advises the plaintiff whether production will be permitted as requested or objected to, in which event, the reasons for objection shall be stated.

Berkman, Gordon,
Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245



-3-

### DEFINITIONS AND INSTRUCTIONS

The definitions set forth in Local Rule 26.02(c) of the Local Civil Rules for the Northern District of West Virginia are hereby incorporated by reference.  As to any document you refuse to produce, supply a description of the document by date, author, addressee, custodian, and such other matters sufficient to allow a motion pursuant to FED. R. CIV. P. 37 for the production of said document.

If any refusal to produce is based on a claim of privilege, supply a description of the document as aforesaid and state the nature and basis of the claim of privilege.

If any document within the description below of the documents, records and things to be produced has been destroyed or is otherwise not available, please supply a description of each such document, state whether each such document was destroyed or became otherwise unavailable, and state the date and reason for the destruction or unavailability of each document.

Documents requested herein are to be produced for inspection and review within (30) days of the service of these requests.

Exact copies of each such document should be provided by first class mail to undersigned counsel at the offices of Berkman, Gordon, Murray & DeVan, 2121 Illuminating Building, 55 Public Square, Cleveland, Ohio 44113-1949.

### – DOCUMENTS AND THINGS TO BE PRODUCED –

Any policy of insurance identified in response to Interrogatory Number 1 above, including any riders, endorsements, supplements, additions, schedules, declarations or other documents of any sort which in any way amend, alter, condition or modify the terms thereof.

Berkman, Gordon,
Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245



-4-

Respectfully submitted,

**J. MICHAEL MURRAY (OHIO 0019626)**
jmmurray@bgmdlaw.com
**LORRAINE BAUMGARDNER (OHIO 0019642)**
lbaumgardner@bgmdlaw.com
**RAYMOND VASVARI (OHIO 0055538)**
rvasvari@bgmdlaw.com
Berkman, Gordon, Murray & DeVan
2121 Illuminating Building, 55 Public Square
Cleveland, Ohio 44113-1949
Telephone 216-781-5245
Telecopier 216-781-8207

and

**STEPHEN G. JORY (W.VA. 1937)**
jory@jorysmith.com
**HARRY A. SMITH, III (W.VA. 3466)**
smith@jorysmith.com
Jory & Smith, L.L.C.
One Randolph Avenue, Post Office Box 1909
Elkins, West Virginia 26241
Telephone:    304-636-3553
Facsimile:    304-363-3607

Attorneys for the Plaintiff

Berkman, Gordon,
Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245



-5-

## Certificate of Service

An original and one copy of the foregoing Plaintiff's Consolidated Discovery Requests Served Upon Defendant Mineral County Commission of Mineral County, West Virginia was served today, April 23, 2007, Via First Class United States Mail, postage prepaid, upon J. Robert Russell, Pullin, Fowler & Flanagan, P.L.L.C., 2414 Cranberry Square, Morgantown, West Virginia 26508, Counsel for the Defendants.

Respectfully submitted,

J. MICHAEL MURRAY (OHIO 0019626)

One of the Attorneys for the Plaintiff

Berkman, Gordon,
Murray & DeVan
Attorneys and Counselors at Law
55 PUBLIC SQ STE 2121
CLEVELAND OH 44113-1949
216-781-5245

