IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

T. Weston, Inc.
D/B/A Ridgeley Saloon,

          Plaintiff,

v.                            Case No. 2:04CV56

Mineral County, West Virginia
and County Commission of
Mineral County, West Virginia, et al.,

          Defendants.

## OPINION/REPORT AND RECOMMENDATION

### I
### Procedural History

On August 11, 2004, Plaintiff, T. Weston, Inc., d/b/a Ridgeley Saloon, ("Plaintiff") filed its "Verified Complaint for Temporary Restraining Order, Declaratory Judgment, Preliminary Injunction, Permanent Injunction, Compensatory Damages and Attorney's Fees" [Docket Entry 1]. On August 25, 2004, and before an answer was filed, Plaintiff filed a "First Amended Complaint for Temporary Restraining Order, Declaratory Judgment, Preliminary Injunction, Permanent Injunction, Compensatory and Punitive Damages and Attorney's Fees" [Docket Entry 12]. On August 19, 2004, came the parties for hearing on Plaintiff's Motion for a Temporary Restraining Order ("TRO"), which was denied, the Court stating as follows:

> The Court further finds that the plaintiff seeks a preliminary injunction as a portion of their [sic] ultimate claim for relief herein, and it is appropriate to establish a briefing schedule for the parties to further address whether a preliminary injunction should issue as a portion of the relief sought herein.

Defendants then filed an Answer to the Amended Complaint on September 14, 2004, as well as a "Supplemental Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction"

[Docket Entry 16]. Plaintiff filed a "Sur-Reply Brief Supporting its Motion for Preliminary Injunction" on September 24, 2004 [Docket Entry 17].

On January 5, 2005, the District Court referred Plaintiff's Motion for Preliminary Injunction, the pretrial development of the case, the development of a scheduling order, and any dispositive or non-dispositive motions to the undersigned United States Magistrate Judge [Docket Entry 18]. A hearing on the motions was held on January 27, 2005, and a supplemental factual stipulation was filed with the Court on February 1, 2005.

On September 6, 2005, the undersigned United States Magistrate Judge entered an Opinion/Report and Recommendation recommending to the District Court that:

1) Defendants be temporarily enjoined from enforcing Section 5(A)(6) insofar and insofar only as the refusal to issue a permit is based on an alleged violation of Section 8(F) or Section 14(A), (B) or (C) of the Mineral County Ordinance Regulating the Location of Businesses Offering Exotic Entertainment enacted November 2, 2002.

2) Defendants be prohibited from denying Plaintiff a location permit for the operation of its business at the same location as it was operating on May 7, 2004.

3) The question: "Is a county commission which has created a planning commission pursuant to Chapter 8 Article 24 of the West Virginia Code precluded from adopting a county ordinance limiting the areas of the county in which a business may offer exotic entertainment pursuant to Chapter 7, Article 1, Section 3jj(b) of the Code?" be certified to the West Virginia Supreme Court of Appeals; and

4) Upon resolution of the certified question, a full trial of the within matter be scheduled and a determination made whether the temporary injunction issued, if any, shall be permanent.

The Report and Recommendation expressly included language directing the parties to file with

the Clerk and the District Judge, within ten (10) days, any written objections to the Report and Recommendation. The Report and Recommendation further advised the parties that failure to timely file any such objections would result in waiver of the right to appeal from a judgment of the Court based upon the Report and Recommendation. Neither party filed any objections to the Report and Recommendation.

On September 30, 2005, the Honorable Robert E. Maxwell, United States District Judge, entered an Order accepting and adopting in whole the September 6, 2005, Report and Recommendation. Pursuant to its Order, the District Court certified the following question to the West Virginia Supreme Court of Appeals:

> Is a county commission which has created a planning commission pursuant to Chapter 8, Article 24 of the West Virginia Code, precluded from adopting a county ordinance limiting the areas of the county in which a business may offer exotic entertainment pursuant to Chapter 7, Article 1, Section 3jj(b) of the Code?

On June 29, 2006, the West Virginia Supreme Court of Appeals answered the above Certified Question in the affirmative – that is:

> We hold that a county commission that has created a planning commission pursuant to *W.Va. Code*, 8-24-1, *et seq*. does not have authority under *W. Va. Code*, 7-1-3jj(b) [2002] to adopt a county ordinance limiting the areas of the county in which a business may offer exotic entertainment.

A Scheduling Order was thereafter entered by the District Court in this matter on December 8, 2006. The Scheduling Order was later modified by the Court at the request of the parties to extend the deadline for discovery until June 15, 2007, and for dispositive motions until July 13, 2007.

On July 13, 2007, Plaintiff filed its "Motion for Summary Judgment on Counts I, II, and III of the Amended Complaint, and for Summary Judgment on Liability Only on Counts IV, VI, and VII of the Amended Complaint against Mineral County, West Virginia and County Commission of Mineral County West Virginia" [Docket Entries 42 and 43].

Defendants did not file any dispositive motion, nor did any defendant file any response to Plaintiff's Motion.

On October 4, 2007, the undersigned entered an Opinion/Report and Recommendation finding there was no genuine issue of material fact in dispute regarding the issue of the authority to enact the ordinance at issue, and that the ordinance was invalid and unenforceable *ab initio*. The Court did not reach Plaintiff's claims that the ordinance was otherwise illegal and unconstitutional. Despite discussing the fact that Defendants had not responded to Plaintiff's Motion for Summary Judgment nor filed any dispositive motions of their own, the undersigned did not find for the Plaintiff based on Defendants' omission. The Opinion/Report and Recommendation was entered nearly three months after the parties' own agreed-upon dispositive motions date.

As required, the Opinion/Report and Recommendation allowed the parties ten days from the date of entry to file any objections with the District Judge. On October 16, 2007, Plaintiff timely filed objections to the Report and Recommendation [Docket Entry 48]. On October 19, 2007, J. Robert Russell, counsel for Defendants, filed objections to the Report and Recommendation [Docket Entry 49]. In its objections, Defendants expressly admit they did not file a dispositive motion or response to Plaintiff's Motion. Only in a footnote in the objection, do Defendants state:

> The Defendants intend to seek leave of this Court to file additional briefs on the liability issues and to modify the Scheduling Order accordingly. The Motion will be based upon several premises, including the undersigned counsel of record's untimely struggle with person illness, as well as the care of a terminally ill family member during the last four (4) months. The undersigned prays this Court grant the Motion in the interests of justice and to permit as full and complete a record upon which to base its decision.

The substantive arguments contained in the objection are generally: 1) Defendants dispute that Mineral County did not have in place a Comprehensive Plan and there is therefore a genuine issue for trial as far as the authority of the Mineral County Commission to enact the Ordinance; 2) There is a

genuine issue of fact as to whether the Mineral County Commission acted in accord with its authority in promulgating the Ordinance; and 3) Plaintiff is not entitled to voidation of the ordinance, the proper remedy is in the form of mandamus relief, and the defendants are immune from monetary claims for failure to comply with state law.

On November 6, 2007, Plaintiff filed a Response to Defendants' objections [Docket Entry 53].

On November 16, 2007, Defendants filed a "Notice of Substitution of Counsel for Defendants," stating:

> Please take notice that Gary E. Pullin, Traci L. Wiley and the law firm of Pullin, Fowler, Flanagan, Brown, & Poe, PLLC . . . has assumed responsibility for the defense of the defendants in the place and stead of J. Robert Russell and James D. Stacy, attorneys who are no longer associated with the firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC.

Attorney Russell was still listed as being with the law firm of Pullin, Fowler, and Flanagan as of the date of Defendants' objections, October 19, 2007.

## II.

### Subject Motion

On November 20, 2007 Defendants filed the subject "Motion to Modify Scheduling Order to Extend Deadline for Dispositive Motions and for Extension to Respond to Plaintiff's Motion for Summary Judgment" [Docket Entry 57].

On November 26, 2007, Plaintiff filed his Response in Opposition to Defendant's Motion for Extension of Time [Docket Entry 59].

On November 30, 2007, without decision by the Court on their Motion to Modify Scheduling Order and Extension of Time to Respond to Plaintiff's Motion, Defendants filed a Motion for Summary Judgment and Memorandum in Support [Docket Entries 60 and 61, respectively] and Memorandum in Opposition to Plaintiff's Motion for Summary Judgment [Docket Entry 62].

Plaintiff filed a Response on December 13, 2007, and Defendants filed a Reply on December 28, 2007.

By Order a hearing was scheduled for Tuesday, June 10, 2008, at 1:00 p.m. in the United States Magistrate Courtroom in Elkins, West Virginia for the purpose of taking evidence and hearing argument solely regarding "Defendant's Motion to Modify Scheduling Order to Extend Deadline for Dispositive Motions and for Extension to Respond to Plaintiff's Motion for Summary Judgment."

On June 10, 2008 at the appointed time came Defendants by Steve Fowler and Traci Wiley, their counsel, and Plaintiff by Harry Smith, III and Raymond Vasvari, its counsel. The Court proceeded to hear testimony and receive exhibits. Thereafter the Court took the matter under consideration. Due to the sensitive nature of the testimony and evidence received during the hearing the Court sealed the record of the same and this Opinion/Report and Recommendation will be based on findings of fact and conclusions of law which will be filed as an Appendix which will be sealed and and will be available for counsel of record in this action and court personnel only.

### III.

### Contentions of the Parties

**A.** **Defendants' Contentions:**

1. Failure to file a response to Plaintiff's motion or to file their own dispositive motion was the result of excusable neglect under Rule 6(b) of the Federal Rules of Civil Procedure on the part of their counsel and was not the fault of the defendants themselves.

2. They should not suffer prejudice due to the failure of counsel.

3. Plaintiff will suffer no prejudice by an extension of the dispositive motion deadline

or the time to file a response to Plaintiff's motion, because no trial date had been set.

4. Defendants are entitled to immunity from some, if not all the Plaintiff's claims.

**B.   Plaintiff's Contentions:**

1. Defendants have not met their burden regarding the issue of excusable neglect.

2. Plaintiff will suffer unfair prejudice should Defendant's motion for extension of time be granted.

## IV.

### Recommendation

Based on the Findings of Fact and Discussion and for the reasons set forth in the sealed Appendix, the undersigned concludes that the failure to timely file a dispositive motion or response to Plaintiff's Motion for Summary Judgment was not the result of excusable neglect within the meaning of Rule 6(b) of the Federal Rules of Civil Procedure.

Accordingly, the undersigned recommends that Defendants' Motion to Modify Scheduling Order to Extend Deadline for Dispositive Motions and for Extension to Respond to Plaintiff's Motion for Summary Judgment [DE 57] be **DENIED**. The undersigned further recommends that Defendants' Motion for Summary Judgment and Memorandum in Support [Docket Entries 60 and 61, respectively] and Memorandum in Opposition to Plaintiff's Motion for Summary Judgment [Docket Entry 62] be **STRICKEN AS BEING IMPROVIDENTLY FILED OUT OF TIME AND WITHOUT LEAVE OF COURT.**

Any party may, within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Opinion/Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Jr., Chief

United States District Judge for the Northern District of West Virginia. Failure to timely file objections to the Opinion/Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Opinion/Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is **Ordered to file the Appendix to this Opinion/Report and Recommendation under the protective seal of the Court to thereafter be seen by counsel of record in this action, the principals of the parties to this civil action and their insurers, and Court personnel only.**

The Clerk of the Court is directed to send an electronic copy of this Opinion/Report and Recommendation to counsel of record and to mail a paper copy of the electronic record of the Appendix to one lead counsel for Plaintiff and to one lead counsel for Defendants.

Respectfully submitted this 1st day of July 2008

/s/ John S. Kaull
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**